**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JERRY DIXON, KEJUAN FULTON, RUSSELL HAROLD, and ROBERTO VILLALVA a/k/a ROBERTO VILLALBA, on behalf of themselves and all other Plaintiffs similarly situated, known unknown, | Case No. 17-cv-02211 |
| Plaintiffs, | |
| v. | |
| GAS PLUS, INC., an Illinois corporation, d/b/a BUDDY BEAR CAR WASH and PHILLIP DEGERATTO, an individual, | |
| Defendants. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

The Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, Gas Plus, Inc. d/b/a Buddy Bear Car Wash ("Buddy Bear") and Philip DeGeratto ("DeGeratto") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.     This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, *et seq.*, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, their minimum

wages and overtime pay. Plaintiffs, and other similarly situated employees, are current and former employees of the Defendants' commonly-owned and operated Buddy Bear car washes.

2.      Defendants purportedly elected to pay Plaintiffs, and other car wash attendants, using a tip credit. Defendants paid hourly wages far below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and requires Defendants to pay Plaintiffs, and other car wash attendants, the full minimum wage. Defendants' violations included: (a) paying no direct (or cash) wages to "trial" and other employees; (b) otherwise paying insufficient direct wages to car wash attendants below federal, state, and municipal minimum direct wage rates for tipped employees; (c) requiring car wash attendants to purchase work products exclusively through Defendants thereby reducing their wages further below the minimum wage; (d) requiring Plaintiffs and other carwash attendants to kickback a "shift fee" thereby reducing their wages further below the minimum wage and allowing Defendants to unlawfully retain employee tips; and, (e) failing to provide notice of federal and state tip credit provisions.

3.      Defendants further violated federal, state, and city overtime laws by failing to pay Plaintiffs and other car wash attendants an overtime premium when they worked more than 40 hours in individual workweeks.

4.      This case is brought as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties are attached as Exhibit A. See Exh. A.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

7. Plaintiff Jerry Dixon was previously employed by Defendants as a car wash attendant from November 2016 until February 2017.

8. Plaintiff Jerry Dixon worked at Defendants' Buddy Bear car wash located at 3940 W. Washington Blvd. in Chicago, Illinois.

9. Plaintiff Kejuan Fulton is currently employed by Defendants as a car wash attendant. Mr. Fulton has been employed by Defendants from approximately September 2015 through the present.

10. Plaintiff Kejuan Fulton has worked at Defendants' Buddy Bear car washes located at 3940 W. Washington Blvd. in Chicago, Illinois and 1059 Mannheim Rd. in Bellwood, Illinois.

11. Plaintiff Russell Harold was previously employed by Defendants as a car wash attendant from approximately November 2015 through February 2017.

12. Mr. Harold worked at Defendants' Buddy Bear car washes located at 3940 W. Washington Blvd. and 1045 W. 95th Street in Chicago, Illinois.

13. Plaintiff Roberto Villalva is currently employed by Defendants as a car wash attendant. Mr. Villalva has been employed by Defendants since approximately October 27, 2016.

14. Mr. Villalva has worked at Defendants' Buddy Bear car wash located at 3940 W. Washington Blvd. in Chicago, Illinois.

15.     Plaintiffs reside in and are domiciled within the Eastern Division of the Northern District of Illinois.

16.     Defendants presently own and operate at least six (6) commonly-owned Buddy Bear car wash locations in the Chicagoland area:

> (a)     3940 W. Washington Blvd. Chicago, IL 60624;
>
> (b)     818 S Cicero Ave. Chicago, IL 60644;
>
> (c)     6000 S. Western Ave. Chicago, IL 60636;
>
> (d)     4130 S. Western Ave. Chicago, IL 60609;
>
> (e)     1059 Mannheim Rd. Bellwood, IL 60104; and
>
> (f)     1045 W. 95th St. Chicago, IL 60643.

17.     Defendants' Buddy Bear car washes provide car wash and drying services to the general public. Buddy Bear also sells car care products, tire shine products, and other retail goods.

18.     Defendants' Buddy Bear car washes are operated by Defendant Gas Plus, Inc., an Illinois corporation.

19.     The president, secretary, and registered agent for Defendant Gas Plus, Inc. are all located within this judicial district.

20.     Upon information and belief, Defendant Buddy Bear earned more than $500,000 in annual gross revenue during 2013, 2014, 2015, and 2016.

21.     During the last three years before the filing of this suit, two or more employees of Defendant Buddy Bear have handled, sold, or otherwise worked on goods or material, including, but not limited to, soaps, cleaning agents, towels, car care products, tire shine, or other retail products, that were transported or produced out of state.

22. Upon information and belief, Defendant DeGeratto is the owner of Defendant Buddy Bear. DeGeratto is the president and corporate secretary for Buddy Bear's operating entity, Gas Plus, Inc.

23. Defendant DeGeratto was the ultimate decision-maker with respect to terms and conditions of employment for Plaintiffs and all car wash attendants. DeGeratto possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records. In furtherance of these duties, DeGeratto made the decision to hire and fire Plaintiffs and other car wash attendants, set the schedules of Plaintiffs and other car wash attendants, and determined the rate and method of pay for Plaintiffs and other car wash attendants.

24. Defendant DeGeratto resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

25. During the last three years before the filing of this suit, Defendants purportedly elected to claim a tip credit by paying Plaintiffs, and other car wash attendants, a lower direct (or cash) wage and using tips to make up the difference between the direct wages and the minimum wage.

26. However, Defendants violated minimum wage and tip credit requirements by failing to pay sufficient direct wages to Plaintiffs and other car wash attendants.

27. During so-called "trial" employment periods for new hires, Defendants failed to pay any direct wages to Plaintiffs and other car wash attendants.

28.     During "trial" employment periods, Plaintiffs and other car wash attendants were only compensated to the extent customers tipped them for washing or hand-drying their cars. Some "trial" employment periods lasted approximately 30 days.

29.     Following "trial" periods and during the remainder of their employment, Defendants regularly paid Plaintiffs and other car wash attendants at or near the minimum wage for only one (1) hour of work per day.

30.     Defendants regularly required Plaintiffs and other car wash attendants to work seven (7)-hour shifts beginning in the morning from 7:00 a.m. to 2:00 p.m. or beginning in the afternoon from 2:00 p.m. to 9:00 p.m.

31.     For those seven (7)-hour daily shifts, Plaintiffs and other car wash attendants regularly received direct wages of the minimum wage for only one (1) hour of work (e.g. $10.50).

32.     On a weekly basis, Plaintiffs and other car wash attendants regularly received direct wages at or near the minimum wage (e.g. $10.50 under the CMWO effective July 1, 2016) for only one (1) hour of work for each day worked.

33.     For example, Plaintiffs Kejuan Fulton and Roberto Villalva worked 35 hours in individual workweeks over 5 days and received $52.50 ($10.50 for one hour of work per day multiplied by 5 days of work). (Representative earnings statements for Kejuan Fulton and Roberto Villalva are attached as Exhibit B. See Exh B.)

34.     Defendants' failure to pay sufficient direct wages to Plaintiffs and other car wash attendants caused the employees' regular hourly rates of pay to fall far below federal, state, and city minimum direct wage rates for tip credit employees.

35.     For example, in a typical workweek in which a car wash attendant worked 35 hours over five (5) days and received $52.50 in direct wages, the regular rate of pay for Plaintiffs and the car wash attendants was $1.50 per hour. See 29 C.F.R. § 778.109 (regular rate is hourly rate determined by dividing total compensation for employment in any workweek by total numbers of hours actually worked).

36.     By paying insufficient direct wages to car wash attendants, Defendants improperly claimed a tip credit above the maximum permitted by federal, state, and city law.

37.     Defendants owe the full minimum wage (less direct wage payment credits) for each hour worked based on their systematic failure to pay sufficient direct wages to Plaintiffs and other car wash attendants.

38.     Defendants further reduced the direct wages of Plaintiffs and other car wash attendants by requiring the employees to purchase materials and goods that the employees used as Buddy Bear car wash attendants.

39.     For example, Plaintiffs and other car wash attendants were regularly required to purchase Armor All exclusively from Defendants' management-level employees. Armor All was regularly used by car wash attendants to clean the car tires of Buddy Bear customers.

40.     By requiring Plaintiffs and other car wash attendants to pay Defendants for car wash supplies and products, Defendants improperly shifted employer costs and expenses to employees.

41.     Plaintiffs and other car wash attendants customarily and regularly received tips and gratuities paid by customers.

42.     Plaintiffs and other car wash attendants customarily and regularly received more than $30.00 per month in tips.

43.     Defendants have unlawfully retained the tips of Plaintiffs and other car wash attendants on a daily basis by systematically charging car wash attendants a fee for each shift worked. Such fees were commonly referred to on receipts as "detailer stall fees" or "towel dry" charges. (Sample receipts showing "shift fees" charged to Plaintiffs by the Defendants are attached as Exhibit C. See Exh. C.)

44.     Defendants charged Plaintiffs and other car wash attendants varying fee amounts, including $12.00, $15.00, $17.00, $20.00 and $25.00, based on the amount of tips received by each worker during the shift.

45.     At the conclusion of car attendant work shifts, Defendants required Plaintiffs and other car wash attendants to print out receipts showing the fee amount that the attendant owed to Defendants. See Exh. C.

46.     Plaintiffs and other car wash attendants received two fee receipt copies and were required to place one of the receipts in a bag with the required cash payment.

47.     Workers were then required to place the bag in a vault located on the premises.

48.     Defendants' shift fee charges impermissibly reduced the wages of Plaintiffs and other car wash attendants further below the minimum wage.

49.     Defendants' shift fee charges also caused Defendants to unlawfully exercise dominion over the tips. Plaintiffs and other car wash attendants were regularly required to kickback tips in order to pay the shift fees charged by the Defendants.

50.     Defendants failed to notify Plaintiffs and other car wash attendants of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit under the FLSA or IMWL.

51.     During the last three years before the fling of this suit, Plaintiffs and other car wash attendants were directed to work, and did work, more than 40 hours in individual workweeks.

52.     When Plaintiffs and other car was attendants worked more than 40 hours in individual workweeks, Defendants never paid them an overtime premium.

53.     Defendants paid Plaintiffs and other car wash attendants deficient straight-time wages below the minimum wage for all compensable overtime hours worked.

54.     Defendants never paid Plaintiffs and other car wash attendants overtime compensation calculated at the rate of one and one-half times their regular hourly rates of pay (or the statutory minimum wage) when they worked more than 40 hours in an individual workweek.

55.     Immediately prior to filing this suit, on March 11, 2017, Plaintiff Roberto Villalva spoke with one of Defendants' car wash attendants working at 818 S. Cicero Avenue regarding his intention to file this lawsuit under the FLSA.

56.     Following Mr. Villalva's conversation with his co-worker, Defendants learned of his intention to file this lawsuit.

57.     On March 13, 2017, Defendants informed Mr. Villalva that he could no longer work at Buddy Bear if he intended to proceed with this lawsuit.

58.     In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

59.     Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

60.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former car wash attendants that worked for Defendants during the last three years before the filing of this suit.

61.     During the last three years before the filing of this suit, Plaintiffs and all other similarly situated current and former car wash attendants have had substantially similar job descriptions, job requirements, and pay rates.

62.     Plaintiffs and the other similarly situated employees were deprived of their minimum wages by Defendants' common policies and plans to violate the FLSA by paying no direct (or cash) wages to car wash attendants employed on a "trial" basis; paying insufficient direct wages to car wash attendants below the federal, state, and municipal minimum direct wage rates for tipped employees; requiring car wash attendants to purchase Armor All and other products used by attendants from Defendants thereby further reducing their wages below the minimum wage; requiring Plaintiffs and other car wash attendants to kickback a shift fee to Defendants thereby further reducing their wages below minimum wage and allowing Defendants to exercise unlawful dominion over employee tips; and, failing to provide proper notice of FLSA tip credit provisions.

63.     Plaintiffs and the other similarly situated employees were subjected to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation.

64.     Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' myriad common policies and plans to violate the FLSA minimum wage and maximum hour provisions.

65. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

66. There are numerous similarly situated current and former car wash attendants who worked for Defendants' commonly-owned car washes and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

67. The similarly situated current and former car wash attendants are known to the Defendants and are identifiable in Defendants' payroll records.

**RULE 23 CLASS ACTION ALLEGATIONS**

68. Plaintiffs bring their IMWL and CMWO claims as Rule 23 class actions on behalf of themselves and all other similarly situated current and former car wash attendants that worked for Defendants' commonly-owned and operated car washes during the last three years before the filing of this suit.

69. The members of the Rule 23 class actions are so numerous that joinder of all members is impracticable and the disposition of their claims on a class-wide basis will benefit the members and the Court.

70. Upon information and belief, there are more than 40 Rule 23 class action members whose claims for unpaid minimum wages and overtime wages will be implicated by this suit.

71. The members of the Rule 23 class action are believed to be readily ascertainable from Defendants' payroll and employment records.

72. Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 class action member and the relief sought is typical of the relief which would be sought by each Rule 23 class action member.

73.     All Rule 23 class action members were subject to Defendants' common policies and plans to deprive the employees of their minimum wages and overtime compensation: Defendants paid no direct wages to car wash attendants employed on a "trial" basis; paid insufficient direct wages to car wash attendants below federal, state, and municipal minimum direct wage rates for tipped employees; required car wash attendants to purchase Armor All and other products used by attendants from Defendants or their agents thereby further reducing their wages below the minimum wage; required Plaintiffs and other car wash attendants to kickback a shift fee to Defendants thereby further reducing their wages below minimum wage and allowing Defendants to exercise unlawful dominion over employee tips; and, failed to provide proper notice of IMWL tip credit provisions. Defendants further failed to pay overtime compensation to class members when they worked more than 40 hours in individual workweeks.

74.     Plaintiffs and the Rule 23 class action members have sustained similar losses and damages as a result of Defendants' common wage and hour practices which violated the IMWL and CMWO.

75.     Plaintiffs and the Rule 23 class action members have all been injured in that they have been deprived of minimum wages and overtime compensation due to Defendants' common policies and plans.

76.     Plaintiffs Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva are able to fairly and adequately represent the interests of the Rule 23 class action members and have no interests in conflict with class members.

77.     Plaintiffs are represented by attorneys who are experienced and competent in wage and hour litigation and who have been prior counsel in wage and hour and employment class litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this matter where individual class members may lack the financial resources to prosecute a lawsuit against corporate defendants on a case-by-case basis.

79.     Class action treatment of this case will allow a large number of similarly situated employees to prosecute their common wage and hour claims in a single forum at the same time and without the unnecessary duplication of efforts and expenses involved in prosecuting these claims on an individual basis.

80.     Because some of the losses or damages suffered by individual Rule 23 class members may be relatively modest on an individual basis, class action treatment will allow the Rule 23 class action members to assert their claims and receive their unpaid compensation in the most efficient way possible.

81.     The prosecution of individual claims by Rule 23 class members would create the potential for inconsistent or contradictory adjudications which could adversely affect the class members' claims or unfairly impair their rights to recover unpaid wages.

82.     The issues in this case can be decided by means of common, class-wide proof.

83.     Class action treatment of these claims, as opposed to prosecuting them on an individual basis, will require less judicial and public resources and lead to a less costly adjudication of the class members' claims.

84.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

85.     Common questions of law and fact predominate over any questions affecting them on an individual basis and include, but are not limited to, the following:

(a)     Whether the Defendants violated the IMWL and CMWO by failing to pay them minimum wages and overtime compensation due under the Act;

(b)     Whether Defendants paid Plaintiffs and other Rule 23 class action members their minimum wages as required by the IMWL and CMWO;

(c)     Whether Defendants paid Plaintiffs and other Rule 23 class action members sufficient direct (or cash) wages at or above IMWL and CMWO minimum direct wage rates for tipped employees;

(d)     Whether Defendants made unlawful deductions to the wages of Plaintiffs and other Rule 23 class members for employer expenses, including products used by car wash attendants while working at Defendants' car washes, which further reduced their rate of pay below the IMWL and CMWO minimum wage;

(e)     Whether Defendants made unlawful deductions to the wages of Plaintiffs and other Rule 23 class members by requiring the employees to pay a "shift" fee which further reduced their rate of pay below the IMWL and CMWO minimum wage;

(f)     Whether Defendants unlawfully retained the tips of Plaintiffs and other Rule 23 class members by requiring the employees to pay a "shift" fee;

(g)     Whether Defendants sufficiently provided notice to Plaintiffs and other Rule 23 class members regarding IMWL tip credit provisions and requirements;

(h)     Whether Defendants paid Plaintiffs and other Rule 23 class members at one and one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

### COUNT I
### Violation of the Fair Labor Standards Act – Minimum Wages
**(All Plaintiffs - § 216(b) Collective Action)**

86.     Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

87.     During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

88.     During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

89.     Throughout Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213

90.     Plaintiffs, and other car wash attendants, were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

91.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

92.     Defendant Buddy Bear was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

93.     Pursuant to 29 U.S.C. § 206, Defendants were obligated to pay Plaintiffs as well as other non-exempt car wash attendants no less than the federal minimum wage for each hour worked.

94.     Defendants violated the tip credit and minimum wage provisions of this section by paying no direct wages to Plaintiffs and other car wash attendants during so-called "trial" employment periods.

95.     Defendants violated the tip credit and minimum wage provisions of this section by subsequently paying insufficient direct wages to Plaintiffs and other car wash attendants.

96.     Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to exclusively purchase goods and materials used in the course of their work as car wash attendants from Defendants.

97.     Defendants' requirement that Plaintiffs and other car wash attendants purchase Armor All and other work materials from Defendants constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

98.     Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to pay a shift fee to Defendants.

99.     Defendants' fees constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

100.    Defendants unlawfully retained employee tips by requiring the workers to kickback earned tips in order to pay the shift fee to Defendants.

101.    Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash attendants of the tip credit subsection, 29 U.S.C. § 203(m), their purported use of it, and any of its related requirements.

102.    Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and other car wash attendants the minimum wage was willful and not in good faith. Defendants paid little to no direct wages to Plaintiffs and other car wash attendants. Defendants sought to conceal their failure to pay a minimum wage by paying the workers one hour per day at or near the prevailing minimum wage rate. Finally, Defendants intentionally confiscated Plaintiffs' and other car wash attendants' wages and tip money by requiring the workers to purchase work materials from them and charging the workers a "shift fee." Defendants further failed to withhold federal and state income taxes and employee social security and Medicare taxes from corporate and personal checks intermittently issued to car wash attendants. Upon information and belief, Defendants further failed to deposit these monies with federal and state

tax and revenue departmental agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A. Judgment in the amount of unpaid minimum wages and unlawfully retained tips found due;

B. Liquidated damages in an amount equal to the amount of unpaid minimum wages and unlawfully retained tips found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

<u>**COUNT II**</u>
<u>**Violation of the Illinois Minimum Wage Law – Minimum Wages**</u>
**(All Plaintiffs - Rule 23 Class Action)**

103. Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

104. During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

105. During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

106. Throughout Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

107. Plaintiffs and other car wash attendants were tipped employees within the meaning of 820 ILCS § 105/4(c).

108.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

109.     Pursuant to 820 ILCS § 105/4, Defendants were obligated to pay Plaintiffs as well as other non-exempt car wash attendants no less than the state minimum wage for each hour worked.

110.     Defendants violated the tip credit and minimum wage provisions of this section by paying no direct wages to Plaintiffs and other car wash attendants during so-called "trial" employment periods.

111.     Defendants violated the tip credit and minimum wage provisions of this section by subsequently paying insufficient direct wages to Plaintiffs and other car wash attendants.

112.     Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to exclusively purchase goods and materials used in the course of their work as car wash attendants from Defendants.

113.     Defendants' requirement that Plaintiffs and other car wash attendants purchase Armor All and other work materials from Defendants constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

114.     Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to pay a shift fee to Defendants.

115.     Defendants' fees constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

116.     Defendants unlawfully retained employee tips by requiring the workers to kickback earned tips in order to pay the shift fee to Defendants.

117.    Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other car wash attendants of the IMWL tip credit provision, their purported use of it, and any of its related requirements.

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A.    Judgment in the amount of unpaid minimum wages and unlawfully retained tips found due;

B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
## Violation of the Chicago Minimum Wage Ordinance – Minimum Wages
**(All Plaintiffs - Rule 23 class action)**

118.    Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

119.    Plaintiffs, and other car wash attendants, were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

120.    During the course of Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the minimum wage provisions of the CMWO.

121.    Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

122.    Under § 1-24-020(a), Defendants were obligated to pay Plaintiffs as well as other

non-exempt car wash attendants no less than the city minimum wage for each hour worked.

123. Defendants violated the tip credit and minimum wage provisions of this section by paying no direct wages to Plaintiffs and other car wash attendants during so-called "trial" employment periods.

124. Defendants violated the tip credit and minimum wage provisions of this section by subsequently paying insufficient direct wages to Plaintiffs and other car wash attendants.

125. Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to exclusively purchase goods and materials used in the course of their work as car wash attendants from Defendants.

126. Defendants' requirement that Plaintiffs and other car wash attendants purchase Armor All and other work materials from Defendants constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

127. Defendants violated the tip credit and minimum wage provisions of this section by requiring Plaintiffs and other car wash attendants to pay a shift fee to Defendants.

128. Defendants' fees constituted an unlawful deduction from the employees' wages and further reduced their wages below the minimum wage.

129. Defendants unlawfully retained employee tips by requiring the workers to kickback earned tips in order to pay the shift fee to Defendants.

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A.    Judgment in the amount of unpaid minimum wages and unlawfully retained tips found due;

B.    Statutory damages in the amount of three times the amount of unpaid minimum wages and unlawfully retained tips found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Fair Labor Standards Act – Overtime Wages
**(All Plaintiffs - § 216(b) Collective Action)**

130.    Plaintiffs hereby incorporate paragraphs 1 through 85, 87, 91, and 92 as though stated herein.

131.    During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

132.    During the course of Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the overtime wage provisions of the FLSA.

133.    Under 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt car wash attendants worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

134.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

135.    Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants never paid overtime to Plaintiffs and other car wash attendants. Defendants further failed to withhold federal and state income taxes and employee social security and Medicare taxes from corporate and personal

checks intermittently issued to car wash attendants. Upon information and belief, Defendants further failed to deposit these monies with federal and state tax and revenue departmental agencies. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A.  Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.  Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.  Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.  Such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Minimum Wage Law – Overtime Wages
### (All Plaintiffs – Rule 23 Class Action)

136.    Plaintiffs hereby incorporate paragraphs 1 through 85, 104, and 108 as though stated herein.

137.    During the last three years before the filing of this suit, Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

138.    During the course of Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the overtime wage provisions of the IMWL.

139.     Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other non-exempt car wash attendants worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

140.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A.     Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.     Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT VI
## Violation of the Chicago Minimum Wage Ordinance – Overtime Wages
### (All Plaintiffs – Rule 23 Class Action)

141.     Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

142.     Plaintiffs were each an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and were not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

143. During the course of Plaintiffs' employment, Defendants employed other car wash attendants who were similarly not exempt from the overtime wage provisions of the CMWO.

144. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

145. Under § 1-24-040, for all weeks during which Plaintiffs and other non-exempt car wash attendants worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

146. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiffs, Jerry Dixon, Kejuan Fulton, Russell Harold, and Roberto Villalva a/k/a Roberto Villalba, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

<u>**COUNT VII**</u>
<u>**Violation of the Fair Labor Standards Act – Retaliation**</u>
**(Plaintiff Roberto Villalva)**

147. Plaintiff hereby incorporates paragraphs 1 through 85 as though stated herein.

148. Plaintiff engaged in protected activity under the FLSA, 29 U.S.C. 201, *et seq.*, when he took steps to file an FLSA lawsuit against Defendants and informed one of Defendants' employees of his intention to file the lawsuit to recover unpaid wages.

149. Defendants violated the anti-retaliation prohibition within the FLSA, 29 U.S.C. § 215(a)(3), by threatening to terminate Plaintiff's employment if he would not forgo filing this lawsuit.

**WHEREFORE**, the Plaintiff, Roberto Villalva a/k/a Roberto Villalba, prays for a judgment against Defendants, Gas Plus, Inc. and Phillip DeGeratto, as follows:

A. Judgment in the amount of the lost wages suffered by Plaintiff as a direct result of Defendants' retaliation;

B. Liquidated damages in an amount equal to the amount of lost wages suffered by Plaintiff;

C. Compensatory damages in an amount to be determined at trial for the emotional distress, mental anguish, embarrassment, humiliation, and loss of dignity suffered by Plaintiff as a direct result of Defendants' retaliation;

D. Punitive damages in an amount to be determined at trial for Defendants' willful, malicious, and intentional violation of the Fair Labor Standards Act, 29 U.S.C. 215(a)(3);

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

F. Such other legal and equitable relief that this Court deem appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation front pay for Plaintiff's future lost wages suffered as a direct result of Defendants' retaliation and injunctive relief consisting of a declaration that Defendants engaged in retaliatory conduct in contravention of this section and an order to Defendants to cease engaging in any such further retaliatory conduct.

Dated: March 22, 2017

Respectfully submitted,
Jerry Dixon, Kejuan Fulton, Russell Harold,
and Roberto Villalva a/k/a Roberto Villalba,
on behalf of themselves and all other
Plaintiffs similarly situated, known and
unknown, Plaintiffs


/s/ Nicholas P. Cholis
_____
One of Plaintiffs' Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
53 West Jackson Blvd., Ste. 1137
Chicago, Illinois  60604
T: (312) 322-1100
F: (312) 322-1106
tnolan@nolanwagelaw.com
ncholis@nolanwagelaw.com